**LEWIS BRISBOIS BISGAARD & SMITH llp**
BRIAN C. VANDERHOOF, SB# 248511
  E-Mail: Brian.Vanderhoof@lewisbrisbois.com
KELSEY J. MOE, SB# 328815
  E-Mail: Kelsey.Moe@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MIRONOWSKI and RUBEN MIRONOWSKI, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO: 1:22-CV-00675-JLT-CDB <br><br> **DECLARATION OF BRIAN C. VANDERHOOF IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER TO GOVERN CONFIDENTIAL MATERIALS** <br><br> Action Filed: 06/06/2022 |

### DECLARATION OF BRIAN C. VANDERHOOF

I, Brian C. Vanderhoof, declare as follows:

1.  I am an attorney duly licensed to practice law before all courts of the State of California and the United States District Court for the Eastern District of California, and am a partner with Lewis Brisbois Bisgaard & Smith, LLP, attorneys for Defendant Ford Motor Company ("Ford"). I am a member in good standing with the State Bar of California. I have personal knowledge of the following facts, except for those based on information and belief, which I believe to be true, and if called upon to testify, I could and would competently testify to their truth and accuracy.

2.  This declaration is submitted in support of Ford Motor Company's Notice of Motion and Motion for Entry of Protective Order to Govern Confidential Materials.

3.Attached hereto as Exhibit A is a true and correct copy of the Protective Order re Confidentiality that Ford proposed to Plaintiffs and requests that this Court enter.

4.Ford responded to Plaintiff's first set of discovery, which included 16 Interrogatories and 87 Requests for Production. In response to these requests, Ford produced hundreds of pages of documents relating to Plaintiff's vehicle.[1] Nevertheless, Plaintiffs recently raised an issue for the first time in connection with the preparation of the Joint Mid-Discovery Report related to "getting emails and reports relating to steps Ford took to reduce the various "symptom codes" in the same make and model as the vehicle in this case." (Dkt. #15, P. 3:12-14.) It is unclear from the Mid-Discovery Report what issues Plaintiffs are referring to, but generally discovery disputes with Plaintiffs' counsel can be resolved if Ford agrees to produce certain confidential, proprietary or trade secret information and materials, including but not limited to the following specific documents:

- Ford's Warranty Policy & Procedure Manual, which is a document that details the policies and procedures that Ford developed over time for use by its dealers in the United States regarding warranty claim diagnosis, submission, allowance and reimbursement;

- Ford's Customer Relationship Center Policies and Procedures, which are developed and used by and for Ford's Customer Relationship Center, which handles, assesses, documents, categorizes and resolves customer concerns that are reported to Ford by consumers; and

- Customer contacts received by Ford's call center through Ford's Global Contact Center Technology ("GCCT") application regarding 2019 Ford F-150 vehicles purchased in California, which involve the same symptom codes (if any) as those present in the GCCT records for the subject vehicle, as well as the symptoms experienced by Plaintiffs as reflected in the repair or warranty records for the subject vehicle, subject to a protective order agreeable to Ford.

4.The parties agree that a protective order is warranted in this case but have been unable

---

[1] These documents include the warranty claim history, service and repair records, the warranty guide, factory invoice, and communications between Plaintiffs and Ford. (*Id.*)

91426743.12Case No. BCV-21-102989-BCB
DECLARATION OF BRIAN VANDERHOOF IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER TO GOVERN CONFIDENTIAL MATERIALS

to agree on the form of the order.  In fact, it was Plaintiffs who first proposed the entry of protective order.

5.   Ford and Plaintiffs' counsel have attempted in this case and in the past to negotiate a protective order in the numerous cases Plaintiffs' counsel files against Ford. In this instance, Plaintiffs' counsel wholesale rejected Ford's revisions to the ND Model "as not necessary." Attached hereto as Exhibit B is a true and correct copy of an email dated January 24, 2023. The parties have been unable to reach an agreement on the language of a protective order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness I could and would so testify.

This Declaration is dated March 9, 2023, in Los Angeles, California.

_____
Brian C. Vanderhoof

# CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2023, a true and correct copy of the foregoing **DECLARATION OF BRIAN C. VANDERHOOF IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER TO GOVERN CONFIDENTIAL MATERIALS** was filed electronically with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the CM/ECF System. Parties may access this filing through the Court's electronic filing system.

_____
Cora Ruvalcaba

