Tionna Dolin (SBN 299010)
tdolin@slpattorney.com
Steven D. Whang (SBN 299009)
swhang@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
FACSIMILE: (310) 943-3838

Attorneys for Plaintiffs, STEVEN R.
MIRONOWSKI and RUBEN
MIRONOWSKI

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. MIRONOWSKI and RUBEN MIRONOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 1:22-cv-00675-JLT-CDB<br>PROTECTIVE ORDER |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, commercially sensitive, personally identifiable information ("PII"), or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

94105121.1

information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained), documents and/or tangible things that qualify for protection under either Federal Rule of Civil Procedure 26(c) or applicable law governing protection of confidential, commercially sensitive, proprietary information or PII.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff necessary to assist for the prosecution of this litigation).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a non-attorney person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the

Designating Party.

2.7   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party.

2.10   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, retrieving, or producing data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, mistake, unintentional, inadvertent production, including becoming part of the public record through trial or otherwise and for which no objection to disclosure was made and/or all appellate remedies have been exhausted related to it protection; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of

this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to an Order to Show Cause.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise agreed to by the parties or ordered by the Court, or in the case of mistaken, unintentional or inadvertent lack of designation of CONFIDENTIAL items or information, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the

specified documents, the Producing Party must affix the "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify the pages and lines of the transcript that contain CONFIDENTIAL information by (i) making a statement to such effect on the record during the deposition or other pre-trial proceeding, or (ii) by written notice within thirty (30) days after receipt of the final transcript of such deposition or other proceeding.  However, before the thirty (30) day period expires, all testimony, exhibits, and transcripts of depositions or other testimony shall be treated as CONFIDENTIAL items or information.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

5.3    <u>Inadvertent Failures to Designate</u>. If corrected, a mistaken, unintentional or inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Inadvertent, mistaken, or unintentional production of CONFIDENTIAL items or information that should have been designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall not be deemed a waiver in whole or in part of the Designating Party's claims of confidentiality.  In the event that a Designating Party produces a disclosure or document without a confidentiality designation as permitted by this Order, the Designating Party shall promptly notify the other Party in writing and provide a replacement image for the document and an overlay with the new confidentiality designation.  The Receiving

Party shall promptly certify destruction of the improperly designated document, including all copies thereof.  The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this Order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, identifying where applicable the challenged designation by Bates number, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 133 (and in compliance with Civil Local Rule 141, if applicable) within 45 days of the initial notice of challenge or within 30 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 45 days (or 30 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to an Order to Show Cause. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge (including appellate proceedings).

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected

Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters, videographers, and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) upon reasonable notice to the Designating Party in order to afford the Designating Party an opportunity to object, during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) upon reasonable notice to the Designating Party in order to afford the Designating Party an opportunity to object, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the

burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED
            IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the Non-Party's information that has been requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party seeks a protective order, the Party in receipt of the discovery request(s) shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-

Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve, and return, destroy, or delete, all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain mistaken, unintentional, or inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are:

a.    If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. The Producing Party will provide a privilege log providing information upon request or if required pursuant to the Federal Rules of Civil Procedure and applicable case law to the Receiving Party at the time the Producing Party provides the Receiving Party notice of the Identified Materials. If the

Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless the Court later designates the Identified Materials as not privileged or protected.

b. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by the Court as not privileged or protected.

c. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The Receiving Party must take reasonable steps to retrieve the Identified Materials if the Receiving Party disclosed the Identified Materials before being notified.

d. If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Protective Order.

e. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the

production.

The inadvertent, unintentional, or mistaken disclosure of CONFIDENTIAL items or information is not a waiver of the attorney-client privilege, work product doctrine, or any other asserted privilege in this Action or any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d).

## 12.  MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after thirty (30) days prior notice, or upon another timeframe agreeable under the circumstances, to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

## 13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, should Counsel desire to retain an archival copy of pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, the parties will meet and confer to agree on what will be returned or retained. The parties reserve the right to object to retention of any such materials. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: December 5, 2022       STRATEGIC LEGAL PRACTICES, APC


_____
Steven D. Whang
Attorney for Plaintiff
STEVEN R. MIRONOWSKI and RUBEN
MIRONOWSKI

DATED: December  , 2022       LEWIS BRISBOIS BISGAARD & SMITH LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Brian C. Vanderhoof
Kelsey J. Moe
Attorney for Defendant
FORD MOTOR COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS SO ORDERED.

Dated:   __May 22, 2023__      _____

UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Eastern District of California on

[date] in the case *STEVEN R. MIRONOWSKI and RUBEN MIRONOWSKI  v. FORD*

*MOTOR COMPANY*, CASE NO. 1:22-cv-00675-JLT-CDB. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

     I hereby certify that on May 22, 2023, a true and correct copy of the foregoing

3

**[PROPOSED] PROTECTIVE ORDER** was filed electronically with the Clerk of

4

the Court using the CM/ECF System.  Notice of this filing will be sent by operation

5

of the Court's electronic filing system to all parties listed on the CM/ECF System.

6

Parties may access this filing through the Court's electronic filing system.

7

8

_____

Charmaine Villavert

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28